UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SEBASTIAN PATRICK WILLIAMS #214991,

      Plaintiff,

                                CASE No. 1:25-cv-560

v.

                                HON. ROBERT J. JONKER

UNKNOWN VAN DAM,

      Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Green's Report and Recommendation (ECF No. 27) and Plaintiff Williams's Objection to the Report and Recommendation (ECF No. 28). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

Plaintiff Williams is presently incarcerated with the Michigan Department of Corrections (MDOC). He alleges that Defendant Van Dam, a prison chaplain, violated his First Amendment rights by interfering with his Nation of Islam practices on multiple occasions. In response to two of those alleged occasions, Plaintiff Williams filed grievances with MDOC. Defendant Van Dam argues, however, that those two grievances did not properly exhaust Plaintiff's administrative remedies. (ECF No. 21). He moves for summary judgment on that basis. (ECF No. 20). Magistrate Judge Green agrees and recommends granting Defendant Van Dam's Motion. (ECF No. 27). Plaintiff now objects, arguing that there is a factual dispute about exhaustion.[1]  (ECF No. 28). But because the record shows that Plaintiff's grievances did not comply with MDOC grievance procedure, the Court agrees with the Magistrate Judge—Plaintiff did not properly exhaust his administrative remedies and Defendant's Motion for Summary Judgment must be granted.

Under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, a prisoner cannot bring a civil rights action in federal court without first exhausting all available administrative remedies. Simply filing a grievance with the prison, however, is insufficient. The PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). This means that the prisoner must use "all steps that the agency holds out" and must do "so *properly* (so that the agency addresses the issues on the merits)." *Id.* (citation modified). For exhaustion to be proper, "prisoners must complete the administrative review process in accordance with the applicable procedural rules— rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*,

---

[1]  Some of Plaintiff's objections address the merits of his First Amendment claims. But the merits of Plaintiff's claims were not at issue in the Defendant's Motion for Summary Judgment. Accordingly, the Court will consider only Plaintiff's objections that relate to exhaustion.

549 U.S. 199, 218 (2007) (internal quotation and citation omitted). Simply put, procedurally defective grievances do not satisfy the exhaustion requirement.

Here, the parties do not dispute that Plaintiff Williams attempted to file two grievances with MDOC. The only issue is whether Plaintiff's grievances complied with MDOC's specified procedures. As the Magistrate Judge concluded, the record shows that they did not and that there is no triable issue of fact about it.

Start with Plaintiff's first grievance. Under MDOC policy, prisoners must appeal initial grievance determinations "within ten business days after receiving" the prison's response. (MDOC Policy Directive 03.2.130, ECF No. 21-2, PageID.168). The appeal, however, is not considered filed until it is "*received* by the Department." (*Id.* at PageID.167 (emphasis added)). Defendant's evidence indicates that Plaintiff received the prison's response to his grievance on October 22, 2024. (ECF No. 21-3, PageID.182). Plaintiff acknowledges that his appeal needed to be in the grievance coordinator's office by November 6—ten business days later. (ECF No. 1, PageID.9). But, as the unrebutted evidence shows, the appeal "was not received back in the grievance coordinator's office" until November 8—two days late. (ECF No. 31-3, PageID.182). For that reason, MDOC officials rejected Plaintiff's grievance as untimely without addressing its merits. (*Id.*).

Plaintiff alleges an alternative timeline in his verified complaint,[2] which, in his view, demonstrates exhaustion. More particularly, Plaintiff alleges that he placed his appeal in the "institutional mailbox" on November 4—two days before the November 6 deadline. But this verified allegation does not create a dispute of fact. At best, it shows that the appeal left Plaintiff's

---

[2] A nonmovant may rely on a verified complaint to show a genuine issue of a material fact. *See King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

hands before the 10-day appeal deadline. It does not, however, suggest that the department *received* his grievance appeal by November 6, as required by MDOC policy. Plaintiff may think that the "prison mailbox rule" controls here. (*See* ECF No. 28, PageID.230). But the "mailbox rule"—which federal court's use to determine the filing date of a prisoner's pleadings—is inapplicable. Only MDOC procedures matter. *See Jones*, 549 U.S. at 218. And under MDOC procedure, an appeal is not filed until it is "received by the Department." Plaintiff offers no evidence to contradict that the grievance coordinator *received* his appeal two days late, on November 8.[3]  As such, there is no material dispute of fact as to whether Plaintiff's first grievance was timely filed under MDOC procedure. Therefore, because MDOC properly rejected Plaintiff's first procedurally defective grievance without addressing its merits, Plaintiff cannot use this grievance to satisfy his exhaustion requirement.

Plaintiff's second grievance fares no better. Under MDOC policy, the grievance coordinator is instructed to reject any grievance that contains "language that demeans the character . . . of any person, unless it is part of the grieved behavior and is essential to that description." (ECF No. 21-2, PageID.165). Plaintiff's second grievance claimed that Defendant Van Dam refused to procure requested items for Plaintiff's NOI study group. (ECF No. 21-3, PageID.179). However, in the grievance, Plaintiff referred to Defendant Van Dam's actions as a "blatant display of bigotry." (*Id.*). Upon review, the grievance coordinator determined that this language was "prohibited" because it "demeans" Defendant's character. (*Id.* at PageID.178-79). For that reason,

---

[3] Plaintiff also points to a sworn affidavit that he submitted as evidence of a factual dispute. (ECF No. 23-1). But, on the whole, this affidavit demonstrates Plaintiff's general policy disagreement with factual MDOC's grievance procedures. It does not include any specific facts that create a material dispute.

the coordinator rejected Plaintiff's grievance as procedurally defective and did not rule on its merits.[4]

Plaintiff does not dispute these facts. He merely asserts that the grievance coordinator improperly applied MDOC policy because "blatant display of bigotry" was allegedly "essential" to his description of Defendant's conduct. (ECF No. 28, PageID.232). In essence, Plaintiff asks the Court to allow a factfinder to overrule MDOC's application of its own grievance policy. Defendant correctly points out that in some circumstances, that may be necessary. *See Savoie v. Oliver*, 731 F. Supp. 3d 862, 871 (E.D. Mich. 2024). But many MDOC grievance policies, like the one at issue here, are discretionary in nature. These subjective rules often require prison officials to apply institutional expertise and make judgment calls. In most circumstances, then, courts should defer to a prison official's interpretation of prison grievance policy. *See Henderson v. Aldana*, No. 23-2612, 2025 WL 722116, at *3 (7th Cir. Mar. 6, 2025) ("[W]e give some deference to prison officials' reasonable interpretation of their own procedures."); *Hollsten v. Toddish*, No. 24-CV-1543-JPS, 2026 WL 207282, at *11 (E.D. Wis. Jan. 27, 2026). Typically, courts should overrule a prison official's application of a prison rule only if it is "clearly erroneous, arbitrary or intended to prevent plaintiff from exercising his right of access to the courts." *Stephens v. Corizon, LLC*, No. 3:20-CV-70-BJD-PDB, 2021 WL 2981317, at *8 (M.D. Fla. July 14, 2021) (quoting *Jones v. Frank*, No. 07-cv-141-BBC, 2008 WL 4190322, at *3 (W.D. Wis. Apr. 14, 2008)). Put simply, the prison official's application of prison policy should be, as the Magistrate Judge noted, reasonable.

Here, nothing in the record suggests that the grievance coordinator applied MDOC policy unreasonably or arbitrarily. Even if the phrase "blatant display of bigotry" may be rather tame

---

[4] Plaintiff appealed this decision twice. Both times, MDOC upheld the rejection.

compared to other forms of "demeaning language," it is still reasonable for the grievance coordinator to conclude that the phrase demeaned Defendant's character. And, given that other parts of Plaintiff's grievance adequately describe Defendant's alleged violating conduct, it is also reasonable for the grievance coordinator to conclude that the phrase was not "essential" to Plaintiff's description of the events. (*See* ECF No. 21-3, PageID.179). Plaintiff may disagree with MDOC's decision. But that disagreement does not create a triable issue of fact. Without any evidence indicating that MDOC applied its policy unreasonably, the Court defers to the grievance coordinator's decision to reject Plaintiff's second grievance for including prohibited language. As such, because MDOC rejected Plaintiff's second grievance as procedurally defective without addressing its merits, this grievance cannot satisfy Plaintiff's exhaustion requirement. *See Jones*, 549 U.S. at 218.

Because the record shows that Plaintiff's grievances failed to comply with MDOC's grievance procedures, the Magistrate Judge correctly found that a reasonable jury could not conclude that Plaintiff properly exhausted his administrative remedies.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 27) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Van Dam's Motion for Summary Judgment (ECF No. 20) is **GRANTED.**

Dated:    April 3, 2026       /s/ Robert J. Jonker
                              ROBERT J. JONKER
                              UNITED STATES DISTRICT JUDGE